# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF ALABAMA
## Northern District

Nue Cheer Franklin
Plaintiff,

Vs.

Justin Matthew Parnell, esq.
Parnell and Crum, PA,
Arbor Station, LLC,
Christa Wren,
Montgomery County Courts,
Municipality of Montgomery,
Montgomery County Sheriff's Dept.
Defendants.

Case #: 2:13-cv-954-MEF

"JURY TRIAL DEMANDED"

## COMPLAINT

**COMES NOW** the plaintiff and files this Complaint against the above named defendants and alleges as follows:

### Jurisdiction, and Venue

This is a civil action seeking damages for violation of plaintiff's Fourteenth Amendment Constitutional rights, violation of the Federal Fair Debt Collection Practices Act, and for violations of the Alabama Uniform Residential Landlord and Tenant Act, and violations of the Alabama Rules of Civil Procedure; negligence, fraud, and negligent supervision.

1

This court has jurisdiction under 28 U.S.C. §1331 (federal question); and 15 U.S.C. §1692 *et. seq.*

Venue is proper in this court as all parties to this complaint are or is believed to be residents of Montgomery County, AL.

## The Parties

Plaintiff, Nue Cheer Franklin, is and was, at all times relevant to this action, a resident of Montgomery County, AL.

Defendant, Justin Matthew Parnell, esq., (Parnell(s)), is and at all times relevant to this action, a resident of Montgomery County, AL and an Alabama State Bar licensed attorney specializing in debt collection, and employed by Parnell and Crum, PA in Montgomery, AL.

Defendant, Parnell and Crum, PA, (Parnell(s)) is a law firm located in Montgomery, AL as a Professional Association under the laws of Alabama, specializing in debt collection law.

Defendant, Arbor Station, LLC, (Arbor) is a limited liability corporation engaged in the business of residential apartment rentals in Montgomery, AL.

Defendant, Christa Wren, (Wren) is the onsite Resident Manager for Arbor, is and was at all times relevant to this complaint, a resident of Montgomery, AL.

Defendant, Montgomery County Court System, is the court system for the municipality of Montgomery City/County, AL.

Case 2:13-cv-00954-MEF-WC   Document 1   Filed 12/31/13   Page 3 of 19

Defendant, the Municipality of Montgomery, encompasses the city and county of Montgomery, AL.

Defendant, Montgomery County Sheriff's Dept. is the sheriff department for the city/county of Montgomery, AL and is responsible for carrying out judicially issued writs of possession.

## Summary of Facts

The defendant Arbor Station (Arbor) wrongfully initiated an underlying action against plaintiff by filing a Complaint in the Montgomery County District Court, alleging unlawful detainer of property and seeking possession thereof. Although plaintiff had submitted the necessary payments to Christa Wren, who was Arbor's onsite manager who accepted the payment(s), prior to the commencement of the action, Arbor and Wren still continued the action. Wren, testified in court that she had received the payment and had not returned it to plaintiff, but continued their court action against plaintiff for possession of the property.

In the Complaint Arbor, Wren and attorney Parnell(s) deceptively alleged they were claiming "$0" monetary damages and was only seeking possession. However, at the hearing on the Complaint Arbor claimed monetary damages and legal fees which are not permitted by law.

3

Plaintiff moved to dismiss the action claiming lack of jurisdiction, due to Arbor's failure to perfect service on plaintiff and showed the court a sworn statement from the deputy sheriff stating that he had not perfected service on plaintiff. In spite of plain and clear evidence, District Court Judge Jimmy B. Pool (Judge Pool) denied plaintiff's motion.

Arbor prevailed in the underlying action and plaintiff filed a timely notice of appeal to the Montgomery County Circuit Court, and paid into court, a supersedeas bond in the amount ordered by the Montgomery County District court to stay the judgment and maintain status quo. Plaintiff also petitioned the Montgomery District court for *in forma pauperis* status and was denied without an explanation for the denial. Plaintiff timely petitioned the *Court of Civil Appeals* for Writ of Mandamus on the decision.

While the petition was pending in the Court of Civil Appeals, *Montgomery County Circuit Court* Judge Eugene W. Reese, (Judge Reese)--- which said circuit court had no subject matter jurisdiction since the action had not been transferred to circuit court, because plaintiff had not paid the appeal fee nor yet been granted IFP; further said circuit court also had no personal jurisdiction over plaintiff because of the lower court's failure to obtain personal jurisdiction at onset; --- yet still, Judge Reese of the circuit court, acting in absence of all jurisdiction, entered a ruling dismissing the Writ of Mandamus petition, even though the petition for Writ of

Mandamus was not in his court for ruling. Furthermore, the Montgomery Circuit Court acted before the Alabama Court of Civil Appeals ruled on the petition, and in absence of a transfer of the petition to the Circuit Court from the Court of Civil Appeals.

After his ruling dismissing the Writ of Mandamus, Judge Reese, along with attorney Justin Matthew Parnell (Parnell) and Judge Pool, engaged in ex parte communications whereby the judges conspired with the Parnell(s) and Arbor, to deny plaintiff her Constitutional right to appeal the district court's order. Judges Reese and Pool exerted judicial influence and encouraged Arbor and Parnell to seek issuance of a Writ of Possession and granted the same to Arbor, even though plaintiff's petition for Writ of Mandamus was still pending; and in spite of plaintiff's payment of a supersedeas bond to stay the judgment until after appeal.

To obtain the Writ of Possession, Parnell moved Judge Reese to remand the case to the Montgomery County District Court, and Judge Reese did so.. After said remand, Parnell falsely represented to the Montgomery County District court, that Montgomery Circuit Court Judge Reese had "dismissed the case". Instead, Judge Reese had not dismissed the case and only *purported* to dismiss plaintiff's "Writ of Mandamus" which sought review of plaintiff's IFP denial.

The remand of the case aborted plaintiff's notice of appeal and denied her right to appeal altogether.

5

Upon issuance of the Writ of Possession, on April 13, 2011 Arbor, Wren, and Parnell(s) acted on the Writ of Possession immediately the next day, April 14, 2011, by delivering the same to the sheriff's office for execution thereon. The Montgomery County Sheriff's Department wrongfully acted on the Writ of Possession in less than seven (7) days and without proper investigation or required due diligence to verify and or ensure that the Writ of Possession was lawful and proper. The Sheriff's Department, Arbor and Parnell failed to allow the automatic 7-day stay before acting on the Writ of Possession.

After Arbor retained possession of the property, it failed to return plaintiff's deposit and failed to send plaintiff an itemized statement, within 35 days, pursuant to §35-9A-201, indicating the reason why it had not returned plaintiff's deposit. Arbor retained plaintiff's deposit, and failed to give plaintiff credit for the deposit against any alleged outstanding debt(s). Later, Arbor wrongfully collected plaintiff's supersedeas bond without proving it was entitled to it. Arbor further attempted to collect the alleged debt from plaintiff without allowing credit for plaintiff's retained deposit, by submitting the alleged debt to another outside debt collector.

## III. Causes of Action

### Defendant A: Arbor Station & Defendant B: Christa Wren

**Counts 1-5: Unlawful Ouster (Violation of Alabama Uniform Residential Landlord and Tenant Act, (AURLTA); 35-9A-461(a); §§35-9A-407; 35-9A-461(a); ARCP); Unlawful Enrichment, and other violations**

1. Arbor and Wren accepted full payment from plaintiff and still wrongfully proceeded to file an unlawful detainer complaint for possession.

2. Arbor failed to give plaintiff a proper 7 day notice to cure alleged default, prior to filing a complaint.

3. Arbor and Wren violated the Alabama Uniform Residential Landlord and Tenant Act, (AURLTA), the Alabama Rules of Civil Procedure 64, (ARCP), and the Code of Alabama, (COA).

4. Arbor and Wren wrongfully claimed and collected plaintiff's supersedes bond, thereby unlawfully enriched itself.

5. Arbor and Wren unlawfully enriched itself by wrongfully retaining plaintiff's deposit.

As a result of Arbor's and Wren's unlawful actions, plaintiff suffered injury and damages due to no fault of her own.

**Count 6: Failure to Return Deposit or Submit Itemized Reasons Within 35 Days (Violation of 35-9A-201)**

7

After plaintiff vacated the property, plaintiff submitted a forwarding address to the defendants within the same week. Arbor and Wren failed to return plaintiff's deposit and failed to submit an itemized, written notice to plaintiff detailing the reasons why her deposit was not returned.

As a result of Arbor's and Wren's unlawful actions, plaintiff suffered injury and damages due to no fault of her own.

### Count 7: Charged Prohibited Legal Fees (Violation of 35-9A-163(a)(3)

Arbor and Wren insisted that plaintiff also pay their attorney's fees which were prohibited by AURLTA, and proceeded to file a complaint against plaintiff.

As a result of Arbor's and Wren's unlawful actions, plaintiff suffered injury and damages due to no fault of her own.

### Count 8: Failure to Submit 7-Day Notice To Cure (Violation of 35-9A-421)

Plaintiff paid Arbor the rent and late fees, but not the unlawful attorney's fees it had added. Arbor accepted the rent and late fees but proceeded to file an unlawful detainer action against plaintiff without sending a 7-day notice to cure defect according to AURLTA.

As a result of Arbor's and Wren's actions, plaintiff suffered injury and damages due to no fault of her own.

### Count 9: Unlawful Eviction Pursuant to 6-6-332, Rule 4, and 35-9A-461(c)

Arbor served notice of the unlawful detainer complaint on the plaintiff by posting on the door of the premises. However, Arbor failed to perfect service by mailing a copy to the plaintiff at the address of the premises. Without perfection of service on plaintiff, the court failed to obtain personal jurisdiction over plaintiff, and Arbor could not lawfully proceed without perfection of service. Arbor proceeded unlawfully. As a result of Arbor's and Wren's unlawful actions, plaintiff suffered injury and damages due to no fault of her own.

### Count 10: Failure to Allow Automatic 7-Day Stay on Writ of Possession (Violation of 35-9A-461(e))

Arbor, Wren, Parnell(s), a debt collector, received a writ of possession on April 13, 2011. Arbor proceeded to execute the writ of possession on April 14, 2011, by delivering it to the Montgomery County Sheriff's Office for immediate action, before the expiration of seven (7) days which would have been on April 21, 2011. The writ of possession was completed on April 19, 2011 by the Montgomery County Sheriff.

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

### Count 11-12: False and Misleading Information/ Fraud

Arbor, Wren, and Parnell, a debt collector, falsely represented to the Montgomery County District Court in their Complaint that it was seeking possession only and claiming "$0" monetary damages.

Plaintiff reasonably relied on Arbor's Complaint for $0 damages considering plaintiff owed no damages since plaintiff had given Arbor a money order for full payment for rent which Arbor accepted prior to the court action; and plaintiff had informed Arbor that the attorney's fees were not allowed by law. Arbor intentionally set out to deceive plaintiff. As a result of relying on Arbor and Wren's statement in its complaint, plaintiff suffered injury and damages.

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

**Count 13: False and Misleading Information**

Arbor, Wren, and Parnell(s), a debt collector, falsely represented to the District court that it had perfected service on plaintiff when it actually had not perfected service.

Plaintiff reasonably relied on Arbor's representation that it had perfected service. Later upon checking her mail, plaintiff discovered Arbor had failed to mail a copy of the complaint to her after posting it, as required by law. Plaintiff suffered injury and damages as a result. As a result of Arbor's actions, the Montgomery County District court had no personal jurisdiction over plaintiff.

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

**Count 14: Use of False and Misleading Information (Violation of FDCPA 15 USC 1692e(10))**

Arbor, Wren and Parnell(s), a debt collector under the provisions of FDCPA, intentionally resorted to the use of false and misleading information when it submitted a Complaint deceptively indicating it was claiming "$0" monetary damages against plaintiff, a consumer under the provisions of FDCPA, when it was aware all along that they would allege monetary damages and claimed said damages at the first hearing on the case.

As a result of Arbor's, Wren's and Parnell(s)' actions, plaintiff suffered injury and damages, due to no fault of her own.

**Count 15: False Representation of The Alleged Debt Amount (Violation of FDCPA 15 USC 1692e(2)**

Arbor, Wren and Parnell(s), a debt collector under the provisions of FDCPA, falsely represented the amount of the alleged debt in its unlawful detainer complaint. In its complaint, it stated the alleged debt was "$0" however, at the hearing in court it claimed several hundreds of dollars in damages and Arbor had known it would allege such monetary damages all along, but fraudulently claimed

"0" damages in the Complaint to deceive plaintiff and attempt to elude the FDCPA requirements.

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

**Count 16:  Use of False and Misleading Information (Violation of FDCPA 15 USC 1692e(10))**

Arbor, Wren, and Parnell(s), a debt collector under the provisions of FDCPA, resorted to the use of false and misleading information when it represented to the District court that it had perfected service on plaintiff when it actually had not perfected service.

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

**Count 17: Use of False Information (Violation of FDCPA 15 USC 1692e(10))**

Arbor, Wren, and Parnell, used false and misleading information in Montgomery County District Court and Circuit Court, in its efforts to obtain a Motion to Remand in order to obtain the Writ of Possession.  Arbor and Parnell, stated that the circuit court Judge Reese had "dismissed the appeal", when in fact the order of circuit court Judge Reese dismissed the "writ of mandamus".

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

**Count 18:  Use of False and Misleading Information (Violation of FDCPA 15 USC 1692e(10))**

At a hearing in federal district court on a temporary restraining order filed by plaintiff, Arbor falsely represented to the federal court that Judge Reese had "dismissed the appeal", when in fact the order of circuit court Judge Reese dismissed the "writ of mandamus".

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

**Count 19:  Attempt to Collect Prohibited Fees (Violation of FDCPA 1692f(1)**

Arbor, Wren, and Parnell(s), a debt collector, attempted to collect legal fees from plaintiff, which is prohibited by the AURLTA.

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

**Count 20:  Unlawful Threat To Do That Which Could Not Legally Done (Violation of FDCPA 1692e(5))**

Arbor, Wren, and Parnell(s), a debt collector, sent plaintiff a Writ of Possession threatening to take possession of plaintiff's property when by law the action was stayed because of plaintiff's supersedeas bond, and the action could not legally be done.

As a result of Arbor's, Wren's and Parnell(s)' unlawful actions plaintiff suffered injury and damages due to no fault of her own.

### Defendant C:  Justin Matthew Parnell, esq.

Plaintiff holds Parnell, a debt collector, under the provisions of the FDCPA, liable for **Counts 3, and Counts 9 through 20** as set out and enumerated above and hereby fully apply said causes of action to Parnell equally and with the same force as set out above under defendant Arbor and Wren, as if fully set out hereunder, and hereby fully incorporate the same by reference.

### Counts 21-25:  Violation(s) of FDCPA

In the process of attempting to collect the alleged debt:

21. Parnell(s) failed to give notice to plaintiff that it was a debt collector attempting to collect a debt.

22. Parnell(s) failed to engage in significant investigation to determine whether the debt it was attempting to collect was a legitimate debt.

23. Parnell(s) failed to submit to plaintiff, a 30 day written notice or right to dispute the debt.  Parnell(s) engaged in deceptive acts.

24. Parnell(s) submitted false and misleading information to plaintiff and the court.

25. On several occasions, Parnell(s) took actions which they could not legally take.

As a result of Parnell's unlawful actions, plaintiff suffered injury and damages due to no fault of her own.

**Count 26: Common Law Negligence (Legal Malpractice)**

Parnell, a debt collector, under the provisions of the FDCPA, acted negligently and recklessly, in proceeding to court on the underlying case without first perfecting service on plaintiff pursuant to the law.

As a result of Parnell's actions, plaintiff suffered injury and damages, including the loss of her residence, and other damages, due to no fault of her own.

**Count 27: Common Law Negligence (Legal Malpractice)**

Parnell(s) acted negligently and recklessly in seeking and obtaining a Writ of Possession while plaintiff's appeal was pending and a supersedeas bond was paid to stay the judgment in the case.

As a result of Parnell's negligent and reckless actions, plaintiff suffered injury and damages due to no fault of her own.

**Count 28: Common Law Negligence (Legal Malpractice)**

Parnell's actions were negligent and reckless in failing to observe the automatic 7 day automatic stay on the Writ of Possession prior to delivering the Writ of Possession to the sheriff for execution.

As a result of Parnell's negligent and reckless actions, plaintiff suffered injury and damages, due to no fault of her own.

### **Defendant D : Parnell & Crum, P.A.**

Parnell & Crum, P.A. (the firm), is vicariously liable for its employee, Parnell, for all of the acts complained of in regards to its employee Parnell, and for all counts for which Parnell is liable, as set forth above under Defendant 'B' Parnell above and is hereby incorporated by reference in full as if set out hereunder.

**Count 29: Negligent Hiring**

The firm negligently hired Parnell because of his family ties with the firm, despite his proven legal incompetence. The firm was well aware that Parnell had minimalistic legal skills; no past experience of any kind prior to hire; and most importantly the firm was aware that Parnell had committed similar negligence repeatedly, in numerous other cases previously.

As a result of Parnell(s)' negligent hiring, plaintiff suffered injuries and damages due to no fault of her own.

**Count 30: Negligent Training**

Upon hiring Parnell, the firm engaged in little or no training of Parnell in the specialty field of debt collection, and landlord/tenant disputes. Parnell has demonstrated this lack of training repeatedly through his ignorance of some of the most basic laws of the AURLTA and the FDCPA, yet he was allowed to continue in his ignorance.

As a result of the firm's negligent training of Parnell, plaintiff suffered injuries, and damages due to no fault of her own.

**Count 31: Negligent Supervision**

The firm failed to supervise Parnell's work even though it had full knowledge that he was legally challenged. The firm knew Parnell was a loose cannon, having repeatedly committed similar reckless violations of the FDCPA and AURLTA in the past for which they were sued.

As a result of the firm's negligent supervision of Parnell, plaintiff suffered injuries and damages, due to no fault of her own.

### Defendant E: Montgomery County Courts

**Count 32: Denial of Due Process**

The Montgomery County Court System denied plaintiff her Constitutional right to an appeal.

As a result of the action of the defendant, plaintiff suffered injuries and damages due to no fault of her own.

**Count 33: Denial of Equal Protection**

The Montgomery County Court System denied plaintiff her Constitutional right to equal protection under the law.

As a result of Montgomery County Court System's actions, plaintiff suffered injuries and damages due to no fault of her own.

## Defendant F: Montgomery County Sheriff

**Count 34: Denial of Equal Protection**

The Montgomery County Sheriff's Department failed to allow plaintiff the required 7 days stay on the writ of possession prior to their execution of the same.

As a result of the Sheriff's Department's actions, plaintiff suffered injuries and damages due to no fault of her own.

**Count 35: Negligence**

The Montgomery County Sheriff's Department failed to exercise due diligence to ensure the writ of possession they acted on was proper.

As a result of the negligence of the Sheriff's Department, plaintiff suffered injuries and damages due to no fault of her own.

## Defendant G: Municipality of Montgomery

**Count 32 through 35  Denial of Equal Protection & Denial of Due Process**

The Municipality of Montgomery is vicariously liable for all of the acts of Montgomery County Courts, and Montgomery County Sheriff's Department as complained of in counts 32 through 35 above as set forth above and is hereby incorporated by reference in full as if set out hereunder.

As a result plaintiff suffered injuries and damages due to no fault of her own.

**Wherefore** as a result of all of the above violations, negligence, and other unlawful acts by the defendants, plaintiff prays for judgment against the defendants

for all manner of injuries and damages in an amount within the jurisdiction of this court, for emotional distress, mental anguish, humiliation, embarrassment, pain and suffering, actual, statutory, compensatory, consequential, punitive damages, legal fees, if any, and any other remedy this court deems just and proper.

**JURY TRIAL DEMAND:** Plaintiff hereby demands a jury trial in this action.

Dated this 30th day of December 2013.

Respectfully submitted,

/s/Nue Cheer Franklin, pro se, Plaintiff
P.O. Box 231602; Montgomery, AL 36123
ncfranklin3@netzero.net

**Defendants**: Justin Matthew Parnell, esq.; Parnell & Crum, P.A. ; 641 S. Lawrence Street ; Montgomery, AL 36104; Christa Wren, 2495 Meadow Ridge Lane; Montgomery, AL 36117; Arbor Station; 2495 Meadow Ridge Lane; Montgomery, AL 36117; Montgomery County Courts, Municipality of Montgomery, 103 N. Perry Street, Montgomery, AL 36104; Montgomery County Sheriff's Department, 103 N. Perry Street, Montgomery, AL 36104