IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUE CHEER FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cv-954-MEF-WC |
| | ) | |
| JUSTIN MATTHEW PARNELL, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. 1). On January 7, 2014, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 4). Plaintiff requested leave to proceed *in forma pauperis*, (Doc. 2), which the court granted (Doc. 5). The court also stayed the case pending the court's review pursuant to 28 U.S.C. § 1915. Order (Doc. 5).

For the reasons that follow, it is the RECOMMENDATION of the Magistrate Judge that the Court DISMISS with prejudice Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine and because the court should decline to exercise supplemental jurisdiction over the state civil law claims.

I.   **BACKGROUND**

Plaintiff Nue Cheer Franklin (Plaintiff) filed her Complaint (Doc. 1) on December 31, 2013, against Justin Matthew Parnell, Esq., Parnell and Crum, P.A., Arbor Station,

LLC, Christa Wren, Montgomery County Courts, Municipality of Montgomery, and Montgomery County Sheriff's Department. Plaintiff's Complaint (Doc. 1) contains thirty-five counts. Counts fourteen through twenty-five and thirty-two through thirty-four complain of violations of the Fair Debt Collection Protection Act, 15 U.S.C. §§ 1692e & 1692f, Plaintiff's due process rights, and Plaintiff's equal protection rights. Counts one through thirteen, twenty-six through thirty-one, and thirty-five allege state law claims.

## II.   DISCUSSION

Plaintiff's claims center around a dispute with Arbor Station, LLC, which owns the apartment complex where Plaintiff used to reside. In January 2011, Arbor Station filed, through its counsel, Justin Matthew Parnell, Esq., an unlawful detainer complaint against Plaintiff in the District Court for Montgomery County. *See Arbor Station Apartments v. Franklin*, Case No. DV-2011-52. Arbor Station prevailed in that matter. Plaintiff paid a supersedeas bond and appealed to the Circuit Court of Montgomery County, Alabama. *See Arbor Station Apartments v. Franklin*, Case No. CV-2011-232. While the appeal was pending, Plaintiff alleges that Arbor Station obtained a Writ of Possession in violation of Alabama law, the Fair Debt Collection Protection Act, and Plaintiff's due process and equal protection rights. *See* Compl. (Doc. 1).

In April 2011, Plaintiff filed a complaint and motion for temporary restraining order in this court, basing her claim for federal jurisdiction on alleged violations of due process, equal protection, and the Fair Debt Collection Practices Act. *See Franklin v. Arbor Station, LLC*, Case No. 2:11-cv-294. After the court denied the request for a

2

restraining order, Plaintiff filed four amended complaints and a motion to amend the complaint for a fifth time. The court did not consider Plaintiff's final motion to amend and dismissed the fourth amended complaint on the grounds of *res judicata* and failure to state a claim upon which relief could be granted.

Plaintiff then appealed the district court's decision to the Eleventh Circuit Court of Appeals. *See Franklin v. Arbor Station, LLC*, Case No. 13-10835, 2013 WL 5381096 (11th Cir. Sept. 27, 2013). The Eleventh Circuit explained,

> Although [Plaintiff] does not directly request that the district court vacate or review the state trial court's decisions, all of her federal claims are complaints of injuries caused by the state court's decision in favor of Arbor Station on its unlawful detainer claim and the corresponding grant of a writ of possession. The district court could not decide in [Plaintiff]'s favor on any of those counts unless it decided that the state court erred in its judgment.
>
> . . .
>
> Because the district court had no jurisdiction to consider the claims [Plaintiff] made based on federal law, it had no jurisdiction to consider the remaining state-law claims. . . . For those reasons, we affirm the district court's judgment dismissing all of [Plaintiff]'s claims . . . concluding that the district court had no subject matter jurisdiction over them.

*Franklin*, Case No. 13-10835, 2013 WL 5381096, at *2; 2:11-cv-294 (Doc. 44) at 4-6.

Three months after the Eleventh Circuit's opinion, Plaintiff filed the instant action. The Complaint filed in this case again attempts to raise the claims previously dismissed by the Eleventh Circuit for lack of subject matter jurisdiction. Thus, the court must (1) dismiss counts fourteen through twenty-five and thirty-two through thirty-four of the

3

Complaint (Doc. 1)[1] for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and (2) decline pendent jurisdiction over the claims in counts one through thirteen, twenty-six through thirty-one, and thirty-five.

### A. *Rooker-Feldman*

As Plaintiff was previously warned by the Eleventh Circuit, this court lacks subject matter jurisdiction where a plaintiff merely seeks review of the final determination of a state judicial proceeding. Case No. 13-10835; Case No. 2:11-cv-294 (Doc. 44) at 4-6; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Review of final judgments of state court judicial proceedings is reserved for the Supreme Court of the United States. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000); 28 U.S.C. § 1257. This is what is commonly referred to as the *Rooker-Feldman* doctrine.

> *Rooker-Feldman* applies when four criteria are met:
>
> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

*Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265-66 n.11 (11th Cir. 2003) (citations omitted). "[A] party's ability to raise a claim on appeal constitute[s] a

---

[1] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" . . . and "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara v. Republic of Peru*¸468 F.3d 1289. 1305 (11th Cir. 2006) (citations omitted).

reasonable opportunity to raise the claim." *Blue Cross & Blue Shield of Md., Inc. v. Weiner*, 868 F.2d 1550, 1555 (11th Cir. 1989) (citing *Wood v. Orange County*, 715 F.2d 1543, 1548 (11th Cir. 1983)).

There is no question Plaintiff is the same party here as she was in DV-2011-52, CV-2011-232, 2:11-cv-294, and 13-10835.  The Eleventh Circuit has ruled that this court lacks subject matter jurisdiction on all of Plaintiff's claims as to Arbor Station, LLC, Justin Matthew Parnell, Esq., and Parnell and Crum, P.A.  *Franklin*, Case No. 13-10835, 2013 WL 5381096; Case No. 2:11-cv-294 (Doc. 44).  Additionally, as to Christa Wren, Montgomery County Courts, the Montgomery County Sheriff, and the Municipality of Montgomery, the Eleventh Circuit held that "[Plaintiff]'s cursory allegations against [Christa Wren] do not provide actual grounds for relief," and Plaintiff's claims against Montgomery County Courts, Municipality of Montgomery, and Montgomery County Sheriff's Department "are based on challenges of the state court decisions concluding that they had jurisdiction and are so barred by *Rooker-Feldman*."  *Franklin*, Case No. 13-10835, 2013 WL 5381096; Case No. 2:11-cv-294 (Doc. 44) at 4-6.

This case is an attempt by Plaintiff to obtain review and reversal of the state court's decisions, which *Rooker-Feldman* prohibits. Therefore, this court lacks subject matter jurisdiction over the claims in counts fourteen through twenty-five and thirty-two through thirty-four of the Complaint.

### B. Pendent Jurisdiction

Counts one through thirteen, twenty-six through thirty-one, and thirty-five of Plaintiff's Complaint, (Doc. 1), allege "unlawful ouster," "failure to return deposit or

5

submit itemized reasons within 35 days," "charged prohibited legal fees," "failure to submit 7-day notice to cure," "unlawful eviction," "failure to allow automatic 7-day stay on writ of possession," "false and misleading information," "fraud," "legal malpractice," "negligent hiring," "negligent training," "negligent supervision," and general negligence. These are state claims, are pled as state claims, and rely solely on Alabama law. Therefore, Plaintiff seeks to invoke the pendent jurisdiction of this court to consider these state claims.

The exercise of this court's supplemental jurisdiction would be inappropriate. For a federal court to exercise pendent or supplemental jurisdiction over state law claims, "'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a "common nucleus of operative fact."'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984) (quoting *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))). The exercise of this jurisdiction is discretionary. *Gibbs*, 383 U.S. at 726. "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of the court's determination that it lacks subject matter jurisdiction over Plaintiff's federal claims, the pendent state law claims in count two are also due to be dismissed. *Gibbs*, 383 U.S. at 726 ("[I]f the federal claims are dismissed prior to trial . . . the state claims should be dismissed as well."); *see also Ray v. Tenn. Valley Auth.*, 677 F.2d 818 (11th Cir. 1982). "Because th[is] court ha[s] no jurisdiction to consider the claims [Plaintiff] ma[kes] based on federal law, it ha[s] no jurisdiction to consider the remaining

6

state-law claims." *Franklin*, Case No. 13-10835, 2013 WL 5381096, at *2; Case No. 2:11-cv-294 (Doc. 44) at 6.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the court DISMISS with prejudice Plaintiff's Complaint (Doc. 1), for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine, and because the court should decline to exercise supplemental jurisdiction over the state civil law claims. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 18, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of February, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE